IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

JEFF JASSBY                                                                PLAINTIFF

VERSUS                             CIVIL ACTION NO. _____

EXTREME MOTOR SPORTS OF                     **06-5901**
NEW ORLEANS, LLC, AND
DAVID RICHARD, INDIVIDUALLY                DEFENDANTS

### COMPLAINT

### JURY TRIAL DEMANDED           SECT. K MAG 4

COMES NOW, Plaintiff, Jeff Jassby, and complains of the Defendants, Extreme Motor Sports of New Orleans, LLC and David Richard, individually, to wit:

### INTRODUCTION

Plaintiff, Jeff Jassby, complains that Defendants, through fraud and intentional or negligent misrepresentations, and/or negligence, breached their contract with Plaintiff, causing Plaintiff financial damages. Through fraud and intentional misrepresentations, Defendants intentionally and tortuously converted Plaintiff's funds to their own use, depriving Plaintiff of funds he has been entitled to since April of 2005. Plaintiff also submits that he has suffered damages based on his reasonable detrimental reliance on Defendants' fraud and misrepresentations, and Defendants have been unjustly enriched by their actions.

### JURISDICTION AND VENUE

### I.

Plaintiff, Jeff Jassby, is an adult resident of Hancock County, Mississippi. On January 19, 2005, when Plaintiff made an agreement with Defendants, he owned a Nor-Tech 4300 boat ("old boat").

II.

Defendant, Extreme Motor Sports of New Orleans, LLC ("Extreme Motorsports"), is a Louisiana limited liability company with its principal place of business in Jefferson Parish, Louisiana.

III.

Defendant, David Richard, is an adult resident of Jefferson Parish, Louisiana. He is a shareholder, the manager, the principle and the registered agent of Defendant, Extreme Motorsports.

IV.

Subject matter jurisdiction is vested in this Court under 28 U.S.C. 1332 because Plaintiff is completely diverse from both Defendants, and the amount in controversy exceeds $75,000, excluding interests and costs. Plaintiff is a Mississippi resident while both Defendants are Louisiana residents.

V.

Venue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. 1391. Both Defendants reside within the jurisdiction of the United States District Court for the Eastern District of Louisiana, and this suit involves a contract executed within this Court's jurisdiction.

**FACTS**

VI.

On January 19, 2005, Plaintiff, Jeff Jassby, entered into a written contract with Defendants, Extreme Motorsports and David Richard in Slidell, Louisiana. The contract provided that Defendants would sell Plaintiff's old boat and build him a new boat for

$472,540.00, with that sale to be closed within 3 months from January 19th, 2005. According to the terms of the contract, Defendant, Extreme Motorsports, would keep a 9 percent commission on the sale of Plaintiff's old boat if the sale of the new boat did not close within the 3 month period. Defendant, David Richard and Plaintiff, Jeff Jassby, both signed the contract, and the contract provides that the agreement is between "David Richard ("Extreme") and Jeff Jassby." Attachment "A".

## VII.

Before the end of the 3 month period to close the sale of the new boat, Defendants sold Plaintiff's old boat for $275,000. After paying off Plaintiff's loans on the old boat, this left $102,939.60 for Plaintiff to either apply to his purchase of the new boat or to keep if the sale of the new boat did not close within 3 months of January 19th, 2005. If the sale did not close within 3 months, $24,750.00 of the $102,939.60 would be Defendants' commission, as stated by the contract's terms.

## VIII.

Because Plaintiff was unable to get proper financing, he was unable to close the sale of the new boat by April 19th, 2005. Under the terms of the contract, because the sale of the boat did not close within 3 months of the contract's execution, Defendants obtained 9 percent commission for their sale of Plaintiff's old boat (giving Defendants $24,750.00 in commission). The remaining $78,189.96 was Plaintiff's profit and Defendants owe Plaintiff that amount.

## IX.

Defendants, David Richard and Extreme Motorsports, have not paid Jeff Jassby the $78,189.96 he is entitled to under the agreement.

### X.

Defendant, David Richard, is a shareholder of Defendant, Extreme Motorsports, and throughout Extreme Motorsports' dealings, particularly those surrounding its contract and dealings with Plaintiff, Jeff Jassby, it has been the alter ego of David Richard. The January 19th, 2005 contract even provides that Extreme Motorsports is the alter ego of David Richard, with it providing the agreement is between Jeff Jassby and "David Richard ("Extreme")." See Attachment "A".

### XI.

David Richard owns such a control of the stock of Extreme Motorsports that the acts of Extreme Motorsports are his acts, making the corporation, Extreme Motorsports, indistinguishable from David Richard. David Richard also used the corporate funds received by Extreme Motorsports through their contract with Plaintiff for his personal and the corporation's uses. Because Defendant, David Richard, has so used Defendant's, Extreme Motorsports, name and resources, he may not shield himself under limited liability to absolve himself of responsibility for Extreme Motorsports' actions.

### XII.

Defendant, David Richard, as a shareholder of Defendant, Extreme Motorsports, used fraud and deceit in acting through the corporation to make the contract with Plaintiff, Jeff Jassby, on January 19th, 2005. Defendant, David Richard, knew he intended to use the funds obtained from the sale of Jeff Jassby's old boat to put to his own use, thus violating the intentions of the contract. David Richard and Extreme Motorsports fraudulently misrepresented to Jeff Jassby the contract's terms, and using deceit, enticed Jeff Jassby into making the contract. Now, Defendants have used the gains from the sale

of Jeff Jassby's old boat for their own use and have not given Jeff Jassby the money to which the contract entitles him.

## **FRAUD**

### XIII.

Plaintiff, Jeff Jassby, incorporates by reference paragraphs I through XII as if completely restated herein.

### XIV.

Defendants used material misrepresentations regarding their intentions under the contract, knowing they were going to use the profits from the sale of the old boat for Defendants' own uses, and not to be applied by Plaintiff to the purchase of his new boat or to be sent back to Plaintiff if the sale of the new boat did not close.

### XV.

Defendants intended these misrepresentations to make Plaintiff, Jeff Jassby, detrimentally rely on them and to induce him into making the contract with Defendants.

### XVI.

Plaintiff, Jeff Jassby, relied on Defendants' misrepresentations in agreeing to the contract he made with Defendants on January 19th, 2005.

### XVII.

Plaintiff did not know that Defendants' misrepresentations were false when he relied on them. Plaintiff justifiably relied on Defendant's, David Richard, misrepresentations, because David Richard is an agent and the alter ego of Extreme Motorsports, thus giving him actual and apparent authority to bind Extreme Motorsports.

## XVIII.

Plaintiff suffered damage as a direct, proximate consequence of the intentional, negligent, and/or reckless misrepresentations of material facts made by Defendants, as described in this Complaint.

## XIX.

Defendants', David Richard and Extreme Motorsports, fraudulent misrepresentations caused Plaintiff, Jeff Jassby, to suffer damages in excess of $75,000.

## **DETRIMENTAL RELIANCE**

## XX.

Plaintiff, Jeff Jassby, incorporates by reference paragraphs I through XIX as if completely restated herein.

## XXI.

David Richard, as principle of Extreme Motorsports, used material misrepresentations regarding the contract, specifically knowing Defendants would use the profits from the sale of the old boat for their own uses, instead of setting the money aside, as the contract provided, for Plaintiff to use as a payment on his new boat or to keep as his profits from the sale of the old boat.

## XXII.

Defendants intended those material misrepresentations to cause Plaintiff, Jeff Jassby, to detrimentally rely on the stated use of the profits from the sale of the old boat.

### XXIII.

Defendants, David Richard and Extreme Motorsports, knew or should have known that Plaintiff would rely on Defendants' misrepresentations in agreeing to the contract with Defendants.

### XXIV.

Plaintiff, Jeff Jassby, relied on Defendants' material misrepresentations to his detriment, because he never received the profits from the sale of the old boat as the contract provides.

### XXV.

Plaintiff, Jeff Jassby, suffered damage as a direct and proximate result of Defendants' intentional, negligent, and/or reckless misrepresentations of material facts, as described in this Complaint.

### XXVI.

Defendants', David Richard and Extreme Motorsports, intentional, negligent, and/or reckless misrepresentations caused Plaintiff damages in excess of $75,000.

### **BREACH OF CONTRACT**

### XXVII.

Plaintiff, Jeff Jassby, incorporates by reference paragraphs I through XXVI as if completely restated herein.

### XXVIII

Plaintiff, Jeff Jassby, entered into a contract with David Richard and Extreme Motorsports on January 19th, 2005.

**XXIX.**

In that January 19th, 2005 contract, Defendants agreed to sell Plaintiff's old boat and build him a new boat. The profits from the sale of the old boat were to be used by Plaintiff towards the purchase of his new boat.

**XXX.**

In that January 19th, 2005 contract, Defendants agreed that if the sale of the new boat to Plaintiff did not close within 3 months of January 19th, 2005, that Defendants would keep 9% commission from the sale of the old boat and give Plaintiff the remaining profits from that sale.

**XXXI.**

David Richard is the principle of Extreme Motorsports. Extreme Motorsports is the alter ego of David Richard, as stated in the contract and shown in this Complaint.

**XXXII.**

Defendants sold Plaintiff's old boat for $275,000 and the sale of the new boat did not close within 3 months.

**XXXIII.**

The January 19th, 2005 contract entitles Defendants to $24,750.00 in commission for the sale of Plaintiff's old boat.

**XXXIV.**

Defendants, David Richard and Extreme Motorsports, kept the full $102,939.60, and failed to give Plaintiff the $78,189.96 he is owed under the terms of the contract.

## XXXV.

Defendants breached the January 19th, 2005 contract by not giving Plaintiff the $78,189.96 he is owed under the contract's terms.

## XXXVI.

Plaintiff, Jeff Jassby, suffered damages as the direct and proximate result of Defendants' breach of contract, and these damages exceed $75,000.

## **UNJUST ENRICHMENT**

## XXXVII.

Plaintiff, Jeff Jassby, incorporates by reference paragraphs I through XXXVI as if completely restated herein.

## XXXVIII.

As provided in the contract, Plaintiff, Jeff Jassby, gave Defendants his old boat for them to sell. Plaintiff had agreed to give Defendants 9% commission from the sale of the old boat if the sale of the new boat did not close within 3 months.

## XXXIX.

Defendants, David Richard and Extreme Motorsports, sold Plaintiff's old boat, but have not compensated Jeff Jassby as the contract requires.

## XXXX.

Defendants' failure to compensate Jeff Jassby for his giving them his old boat to sell has resulted in Defendants being unjustly enriched to the detriment of Plaintiff, Jeff Jassby.

### XXXXI.

Accordingly, this Court should impose a constructive trust on the monies and assets which Defendants wrongfully and unjustly acquired and retained as a result of Defendants', David Richard and Extreme Motorsports, failure to pay Jeff Jassby the money to which the January 19th, 2005 contract entitles him.

### XXXXII.

Defendants, David Richard and Extreme Motorsports, have been unjustly enriched by an amount in excess of $75,000 by their failure to pay Jeff Jassby.

### **CONVERSION**

### XXXXIII.

Plaintiff, Jeff Jassby, incorporates by reference paragraphs I through XXXXII as if completely restated herein.

### XXXXIV.

Through the tortuous conduct set out herein, including Defendants' material misrepresentations, fraud and negligence, Defendants' wrongfully retained and put to their own use money belonging to Jeff Jassby.

### XXXXV.

Defendants, David Richard and Extreme Motorsports, intentionally committed such conversion.

### XXXXVI.

Plaintiff, Jeff Jassby, suffered actual damages as a direct, foreseeable and proximate result of Defendants' conversion, and Plaintiff will continue to suffer such damages in the future.

XXXXVII.

The conversion Defendants committed has caused Plaintiff, Jeff Jassby, damages in excess of $75,000.

## NEGLIGENCE

XXXXVIII.

Plaintiff, Jeff Jassby, incorporates by reference paragraphs I through XXXXVII as if completely restated herein.

IL.

Defendants conduct, as it relates to Plaintiff, constitutes negligence under the laws of Louisiana.

L.

Defendants' negligent conduct directly and proximately caused injury and damages to Plaintiff.

LI.

Defendants' negligence caused Jeff Jassby to suffer damages in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Jeff Jassby, asks for judgment against Defendants, David Richard and Extreme Motorsports, and each of them, as follows:

1. For actual damages in the amount of $78,189.96, or an amount greater than $78,189.96 which is necessary to compensate Plaintiff for the amount of profits from the sale of the old boat wrongfully retained by Defendants;

2. For all incidental and consequential damages resulting from Defendants' actions;

3. For interest and costs; and

4. For any other such relief this Court deems fair and equitable.

*/s/ Jeff Jassby*
JEFF JASSBY

By: _____
**Zach Butterworth (LA Bar# 3735)**
Attorney for Plaintiffs
**HESSE & BUTTERWORTH, PLLC**
Post Office Box 220
841 Hwy. 990
Bay Saint Louis, MS 39520
Tel. (228) 466-0020
Fax. (228) 466-0550

OF COUNSEL

HESSE & BUTTERWORTH, PLLC

ATTORNEY IN CHARGE FOR

PLAINTIFF, JEFF JASSBY

**STATE OF MISSISSIPPI**

**COUNTY OF HANCOCK**

Personally appeared before me, the undersigned authority in and for said county and state, *Jeff Jassby,* who being by me first duly sworn, states on oath that the matters and facts set forth in the above and foregoing *Complaint* are true and correct as therein stated.

Notary Public State of Mississippi
At Large
My Commission Expires
January 17, 2009
BONDED THRU
HEIDEN, BROOKS & GARLAND, INC.

JEFF JASSBY

SWORN TO AND SUBSCRIBED BEFORE ME, this the 17th day of January, 2006.

Notary Public
My Commission Expires: 1/17/09

13