UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFF JASSBY | CIVIL ACTION |
| VERSUS | NO. 06-5901 |
| EXTREME MOTOR SPORTS OF NEW ORLEANS, LLC and DAVID RICHARD, INDIVIDUALLY | SECTION "K"(4) |

### *ORDER AND OPINION*

Before the Court is defendant Extreme Motor Sports of New Orleans, LLC's (Extreme Motor Sports) "Motion to Dismiss Plaintiff Jeff Jassby's State Law Fraud Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6)." Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned below, denies the motion.

### *BACKGROUND*

Jeff Jassby contracted with Extreme Motor Sports to have it sell his Nor-tech 4300 boat and to build him a new boat, with the sale of the new boat to occur within three months from January 19, 2005, the date of the contract. The contract provided that Extreme Motor Sports would receive a nine percent commission on the sales price of the Nor-tech 4300, and that if the sale of the new boat did not close within the three month period, the nine percent commission became the property of Extreme Motor Sports. Extreme Motor Sports sold Jassby's old boat for $275,000. A portion of the sale proceeds were used to pay the balance of the loan on the old boat. Extreme Motor Sports retained all of the remaining proceeds of the sale.

The sale of the new boat failed to occur within the designated three month period because Mr. Jassby failed to obtain the necessary financing for the new boat. Even after the sale of the new boat failed to materialize, Extreme Motor Sports retained all of the remaining proceeds from the sale of Mr. Jassby's boat.

Jeff Jassby filed suit against Extreme Motor Sports and David Richard, a shareholder of Extreme Motor Sports, alleging fraud, detrimental reliance, breach of contract, unjust enrichment, conversion, and negligence. Plaintiff seeks to recover, among other damages, the profits from the sale of the boat which have been retained by defendants.

Extreme Motor Sports moved to dismiss the fraud claim contending that it fails to satisfy the enhanced pleading requirement of Federal Rule of Civil Procedure 9(b) because the fraud allegations are "so vague and conclusory that Extreme Motor Sports and Richard cannot properly defend themselves against them." (Rec. Doc. 3-2, p.2).

## *LAW*

Federal Rule of Civil Procedure 9(b) mandates that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." To satisfy the pleading requirements of Rule 9(b) a plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997). To put it another way, Rule 9(b) requires that a plaintiff alleging fraud specify the "who, what, when, where, and how" of the alleged fraud." *U.S. Ex Rel Williams v. Bell Heliocopter Textron*, 417 F.3d 450, 453 (5th Cir. 2005) (internal quotation and citation omitted).

In deciding a Rule 12(b)(6) motion, the court must accept all material allegations of the

complaint as true and construe them in favor of the non-moving party. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995). The court may only grant dismissal if it appears beyond doubt that the plaintiff can prove no facts in support of his claim which would entitle him to relief. *Id., citing Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).

## *ANALYSIS*

In the complaint Jassby alleges that defendants have not paid him the money that he is entitled to under the contract signed January 19, 2005, that Richard used fraud and deceit in making the contract, that Richard knew he intended to use the funds obtained from the sale of the boat for his own use, that Richard and Extreme Motor Sports fraudulently misrepresented the contracts terms, and that Richard and Extreme Motor Sports knew that they were going "to use the profits from the sale of the old boat" for their own use and not apply those funds to plaintiff's purchase of a new boat or send plaintiff the profits from the sale of the old boat in the event the sale of the new boat did not close.

The complaint clearly identifies David Richard as the individual who made the alleged fraudulent misrepresentation. The complaint also specifies that the allegedly fraudulent misrepresentation was made during the contract negotiations which culminated in the January 19, 2005 contract between Jassby and Richard acting on behalf of Extreme Motor Sports.

Plaintiffs allegations are sufficient to satisfy the pleading requirements of Rule 9(b). To the extent that defendants seek further specificity concerning the fraud allegations, they are entitled to conduct discovery on that matter.

**IT IS ORDERED** that defendants' "Motion to Dismiss Jeff Jassby's State Law Fraud Claim Pursuant to Rule 12(b)(6)" is denied.

New Orleans, Louisiana this 28TH day of December, 2006

                                            STANWOOD R. DUVAL, JR.
                                        UNITED STATES DISTRICT COURT